# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MELINDA WRIGHT,** | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| V. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **LEGACY CABINETS, INC.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Melinda Wright, by and through her attorneys of record, and files this Complaint against the Defendant, Legacy Cabinets, Inc., and states as follows:

### NATURE OF THE CASE

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., ("ADA"), to correct unlawful employment practices on the basis of disability. This action is also brought for violations of the Pregnancy Discrimination Act of 1978 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"), which prohibit sex discrimination on the basis of pregnancy, and to provide appropriate relief to Plaintiff.

2. As alleged with particularity below, Legacy Cabinets, Inc. ("Defendant" or "Legacy Cabinets") discriminated against and/or retaliated against Melinda Wright ("Plaintiff" or "Wright"), a qualified female with a disability, when it terminated her employment because of her disability.

3. Also as alleged with particularity below, Legacy Cabinets discriminated against and/or retaliated against Ms. Jones, a pregnant female, when it terminated her employment because of her status as a pregnant female.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5f(1) and (3).

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2019-02249. (Attached to this Complaint as Exhibit A).

6. On January 4, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue. (Attached to this Complaint as Exhibit B).

7. Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

8. This action is brought in the judicial district where the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff was more than nineteen (19) years old at the time of the events in question and is currently a resident of Floyd County, Georgia.

10. Legacy Cabinets is a Delaware entity with a principal place of business in Talladega County, Alabama.

11. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the County of Talladega and has continuously had at least fifteen (15) employees.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), and Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b),(g), and (h).

13. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

14. In or about January 2018, Ms. Jones began her employment through an employment agency as a line worker with Defendant Legacy Cabinets.

15. Plaintiff excelled at her job with Defendant Legacy Cabinets and became an employee of Defendant Legacy Cabinets on or about August 6, 2018.

16. On or about November 16, 2018, Plaintiff reported to her doctor for pregnancy-related complications. During her doctor's appointment, Plaintiff was informed her pregnancy was considered one of high-risk, given her age (forty) and due to her five (5) prior miscarriages.

17. Plaintiff's doctor told her that she would need to remain on bed rest from November 17, 2018 until at least November 30, 2018.

18. Upon receiving the orders from her doctor, Plaintiff met with Ricardo Gelpvi ("Mr. Gelpvi") of Defendant Legacy Cabinet's Human Resources Department on or about November 19, 2018.

19. Plaintiff presented Mr. Gelpvi with the doctor's note and instructions from her doctor requiring Plaintiff be on bed rest.

20. Plaintiff inquired into what her options may be going forward. Plaintiff explained that she was only approximately two (2) months along in her pregnancy and requested an accommodation of remaining on light duty after her period of bed rest was completed.

21. Plaintiff further asked about her options through either the Family and Medical Leave Act and/or Short-Term Disability.

22. During this conversation wherein she notified her employer that she was pregnant and that her doctor ordered her to be on bed rest and wherein she requested accommodation, Plaintiff was terminated from her job with Defendant Legacy Cabinets.

23. Upon information and belief, Legacy terminated Plaintiff for her disability (high-risk pregnancy), her resulting accommodation request of light duty and the difficulty of accommodating a pregnant employee, and to avoid having an employee on Short-Term Disability.

24. Based upon the afore-mentioned actions and/or omissions by the Defendant Legacy Cabinets, Ms. Jones was discriminated against, and continued to be discriminated against, because of her disability (high-risk pregnancy) and her status as a pregnant woman.

**COUNT ONE**
**(DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT)**

25. Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

26. At all times material hereto, Plaintiff was an employee of Defendant, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 USC 12111(5)(a).

27. At all times material hereto, Plaintiff was a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8).

28. More specifically, Plaintiff had a temporary disability associated with her pregnancy that substantially impaired a major life activity.

29. In the alternative, Defendant regarded Plaintiff as having a disability by subjecting her to an adverse employment action when it failed to provide a reasonable accommodation for Plaintiff's actual or perceived temporary disability of high-risk pregnancy.

30. Defendant's termination of Plaintiff's employment on the basis of disability constitutes discrimination.

31. Defendant's refusal to accommodate a pregnant female experiencing a high-risk pregnancy constitutes discrimination on the basis of disability.

## COUNT TWO
### (DISCRIMINATION BASED UPON GENDER)

32. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

33. Defendant has engaged in unlawful employment practices in violation of The Pregnancy Discrimination Act and Title VII. These unlawful employment practices include discriminating against Plaintiff on the basis of her status as a pregnant female.

34. Defendant's termination of Plaintiff's employment on the basis of her status as a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

35. Defendant's refusal to accommodate a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

36. Because Defendant will not accommodate or attempt to accommodate pregnant females, Defendant has discriminated against Plaintiff on the basis of her status as a pregnant female.

37. The effect of this practice has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of the basis of her status as a pregnant woman.

## COUNT THREE
### (RETALIATION IN VIOLATION OF TITLE VII)

38. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

39. As detailed in the previous factual averments, Plaintiff has been discriminated against, singled-out, and treated differently than similarly situated employees because of her status as a pregnant female in violation of Title VII.

40. Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating the employment of Plaintiff.

41. The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her reporting gender discrimination.

42. The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

43. The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

44. The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

45. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

46. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT FOUR
## (RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

47. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

48. Plaintiff requested an accommodation(s) that were reasonable and aimed at allowing her to perform the essential function of her job with Defendant.

49. Following her request for an accommodation(s), Plaintiff was terminated from her employment.

50. Plaintiff avers that Defendant's actions and/or omissions were unlawful and retaliatory and in violation of the ADA.

## PRAYER FOR RELIEF

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendant as follows:

(A)   Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by Title VII, The Pregnancy Discrimination Act and the ADA.

(B)   Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and

at the Defendant's request from continuing to violate Title VII, The Pregnancy Discrimination Act, and/or the ADA;

(C) Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace;

(D) Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma;

(E) Award Plaintiff her compensatory and punitive damages under the laws of the Constitution of the United States;

(F) Award Plaintiff her costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees;

(G) Award such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by struck jury of all issues in this Complaint.

/s/ W. Whitney Seals
W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL:**
Cochrun & Seals, LLC
PO Box 10448
Birmingham, AL 35202-0448
T: 205.323.3900
F: 205.323.3906
E: filings@cochrunseals.com

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard, LLC
PO Box 953
Birmingham, AL 35201
T: 205.378.8121
F: 205.690.4525
E: jch@jchubbardlaw.com

**PLAINTIFF ADDRESS:**
Ms. Melinda Wright
7112C Black Bluff Road
Gave Springs, GA


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING DEFENDANT:**
Legacy Cabinets, Inc.
C/O Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104