FILED
2021 Apr-23 PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **MELINDA WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **1:21-cv-00447-SGC** |
| ) | |
| **LEGACY CABINETS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

Defendant Legacy Cabinets, LLC ("Legacy") answers Plaintiff Melinda Wright's Complaint (Doc. 1) as follows:

## NATURE OF THE CASE

1. Denied that there was any unlawful employment practice or discriminatory conduct by Legacy and denied that Wright is entitled to any relief.

2. Denied.

3. Denied.

## JURISDICTION AND VENUE

4. Admitted that this Court has jurisdiction.

5. Admitted that Wright filed an EEOC Charge. The copy of the charge attached as Exhibit A to the Complaint is unsigned by Wright; therefore, denied that Exhibit A to the Complaint is the charge that was filed with the EEOC.

6. Admitted that the EEOC provided Wright with a Dismissal and Notice of Rights dated January 4, 2021.

7. Admitted that Wright filed her action within ninety (90) days of the date of the Dismissal and Notice of Rights issued by the EEOC.

8. Admitted that venue is proper.

## PARTIES

9. Upon information and belief, admitted.

10. Admitted that Legacy is a Delaware entity with its principal place of business in Eastaboga, AL. Otherwise denied.

11. Admitted that Legacy continuously does business in Eastaboga, Alabama and employs more than fifteen (15) employees. Otherwise denied.

12. Admitted.

13. Admitted.

## STATEMENT OF FACTS

14. Admitted.

15. Admitted that Wright became a regular Legacy employee on or about August 6, 2018. Otherwise denied.

16. Legacy is without information to admit or deny the allegations of this paragraph, and therefore, they are denied.

17. Legacy is without information to admit or deny the allegations of this paragraph, and therefore, they are denied.

18. Admitted that Wright met with Ricardo Gelpi, Human Resources Assistant at Legacy, on November 19, 2018. Legacy is without information to admit or deny that Wright's meeting with Gelpi was related to her doctor's orders, and therefore that allegation is denied.

19. Admitted that on November 19, 2018 Wright presented Gelpi with a note from a doctor asking that Wright be excused from work for 13 days. Otherwise denied.

20. Upon information and belief, denied.

21. Admitted that Gelpi informed Wright that she did not qualify for FMLA leave. Legacy is without information to admit or deny the remaining allegations of this paragraph and therefore they are denied.

22. Admitted that Gelpi informed Wright on November 19, 2018, that her employment had been terminated due to her prior absences. Otherwise denied.

23. Denied.

24. Denied.

### COUNT ONE
### (DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT)

25. Legacy incorporates all the responses above, as if fully stated herein.

26. Admitted that Wright was an "employee" of Legacy for purposes of Title I of the ADA. Denied that Wright was a qualified individual with a disability, or that Legacy violated the ADA.

27. Denied.

28. Legacy is without information to admit or deny the allegations of this paragraph; therefore, they are denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT TWO
## (DISCRIMINATION BASED UPON GENDER)

32. Legacy incorporates all the responses above, as if fully stated herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT THREE
## (RETALIATION IN VIOLATION OF TITLE VII)

38. Legacy incorporates all the responses above, as if fully stated herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT FOUR
## (RETALIATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT)

47. Legacy incorporates all the responses above, as if fully stated herein.

48. Denied.

49. Denied that the termination of Wright's employment was because of any request for an accommodation.

50. Denied.

## PRAYER FOR RELIEF

Legacy denies that Wright is entitled to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Plaintiff's complaint and each count or claim therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any allegation not specifically admitted herein is denied.

### THIRD DEFENSE

Defendant preserves the affirmative defense that Plaintiff's claims may be barred in whole or in part by applicable statutes of limitations and/or the doctrines of waiver, estoppel, and/or laches.

### FOURTH DEFENSE

Defendant preserves the affirmative defense that Plaintiff's claims may be barred in whole or in part by her unclean hands and/or to the extent her claims were fraudulently brought.

### FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

### SIXTH DEFENSE

Plaintiff's claims for relief are barred by her failure to make reasonable efforts to mitigate her damages, if any.

## SEVENTH DEFENSE

Plaintiff cannot prove causation.

## EIGHTH DEFENSE

Defendant pleads the "same decision" defense. While Defendant denies any improper motive, Defendant states that it would have made the same employment decision for non-discriminatory reasons.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendant had legitimate, non-discriminatory reasons for its action(s), and Plaintiff cannot show pretext.

## TENTH DEFENSE

To the extent claimed, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, because there is no fixed, objective and/or clear and consistent standard for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies to the extent Plaintiff rests on allegations of adverse action occurring greater than 180 days prior to her filing of the EEOC charge, on allegations that are outside the scope of the EEOC investigation, or on allegations for which Plaintiff received

notification of the EEOC's dismissal of the charge more than 90 days prior to the filing of this lawsuit.

## TWELFTH DEFENSE

The Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities to avoid harm.

## THIRTEENTH DEFENSE

Defendant was not obligated to provide Plaintiff with a reasonable accommodation that would impose an undue hardship on the Defendant's business.

## FOURTEENTH DEFENSE

Any actions taken by Defendant were due to business necessity.

## **RESERVATION OF DEFENSES**

The Defendant reserves the right to assert additional defenses which may arise as discovery progresses or otherwise during this litigation.

Respectfully submitted,

*/s/Christine Harding Hart*
MARK T. WAGGONER
CHRISTINE HARDING HART
*Attorneys for Defendant*
*Legacy Cabinets, LLC*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC

1801 5th Avenue North, Suite 400
Birmingham, AL 35203
205-324-4400
mwaggoner@handfirm.com

Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511
chart@handfirm.com

## CERTIFICATE OF SERVICE

      I certify that on April 23, 2021, I electronically filed the foregoing pleading using the CM/ECF system which will serve the same electronically on the following counsel of record:

| | |
|---|---|
| W. Whitney Seals | John C. Hubbard |
| Cochrun & Seals, LLC | John C. Hubbard, LLC |
| PO Box 10448 | PO Box 953 |
| Birmingham, AL  35202-0448 | Birmingham, AL  35201 |
| filings@cochrunseals.com | jch@jchubbardlaw.com |

                                                         /s/Christine Harding Hart