IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MELINDA WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **1:21-cv-00447-NAD** |
| ) | |
| **LEGACY CABINETS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendant Legacy Cabinets responds in opposition to Plaintiff's motion for leave to amend (Doc. 13) on the following grounds:[1]

Scheduling order deadlines "'may be modified only for good cause and with the judge's consent.'" Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).") "Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in [Rule] 15(a), the more stringent Rule 16(b) test

---

[1] Defendant also respectfully requests that this response be accepted out of time, if not timely filed. Undersigned counsel is recovering from minor injuries from a car accident on September 8.

applies where, as here, the request for amendment postdates the applicable scheduling order deadline." *United States v. Contents of Bank of Am. Account No. 9163*, 2012 WL 3641456, at *1 (S.D. Ala. Aug. 23, 2012); *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007); *Govan v. Yale Carolinas, Inc.*, 2015 WL 12979095, at *1 (N.D. Ala. Dec. 29, 2015). "Otherwise, scheduling order deadlines would be meaningless and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure." *Rolison v. Sterling*, 2009 WL 2514294, at *13 (S.D. Ala. Aug. 13, 2009) (internal quotations and citation omitted).

Legacy opposes Plaintiff's motion to amend on the grounds that it is untimely under the Scheduling Order, and Plaintiff has not presented good cause to justify a delayed amendment to the pleading. The deadline to amend the complaint was August 6, 2021 (Doc. 11, p.1), and Plaintiff filed her motion to amend on August 26, 2021. (Doc. 13). Legacy does not dispute that this case is still in the early stages of discovery, no depositions have been taken, and the alleged amended and additional facts have already been disclosed in interrogatory responses provided by the Plaintiff.  However, the reason stated for the amendment was for Plaintiff to amend or add factual allegations in the complaint that were already known to her, and therefore could have been alleged in her EEOC charge and her original complaint.  Such facts were not newly discovered by the Plaintiff and should have

been previously alleged. Therefore, Plaintiff lacks good cause to amend the scheduling order, which is grounds for the Court to deny the motion to amend.

Respectfully submitted,

*/s/Christine Harding Hart*
MARK T. WAGGONER
CHRISTINE HARDING HART
*Attorneys for Defendant*
*Legacy Cabinets, LLC*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
205-324-4400
mwaggoner@handfirm.com

Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511
chart@handfirm.com

## CERTIFICATE OF SERVICE

I certify that on September 10, 2021, I electronically filed the foregoing pleading using the CM/ECF system which will serve the same electronically on the following counsel of record:

John C. Hubbard
jch@jchubbardlaw.com

Whitney Seals
whitney@cochrunseals.com

*/s/Christine Harding Hart*