# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MELINDA WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:21-cv-00447-NAD |
| | ) |
| LEGACY CABINETS, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER FOR SUPPLEMENTAL BRIEFING
### ON PLAINTIFF'S MOTION TO AMEND

This order follows from the status conference held on September 29, 2021.  *See* Doc. 16. During that status conference, the court and counsel for the parties discussed Plaintiff Wright's pending motion for leave to file an amended complaint.  Doc. 13 (filed August 26, 2021). Defendant Legacy Cabinets, Inc. filed an opposition brief on September 10, 2021.  Doc. 15. Plaintiff Wright did not file a reply brief.

For the reasons stated below, the court now will request supplemental briefing from the parties on Plaintiff's motion to amend.  The parties are **ORDERED** to submit supplemental briefs no later than **14 days** from the date of this order, and each supplemental brief **SHALL** be limited to no more than **3 pages**.[1]  In particular, the parties' supplemental briefs should address the

---

[1] The court notes that the moving brief and opposition brief were both less than 3 pages in length. If either party would like more than 3 pages to address the questions above and/or would like more time to submit the supplemental brief, then the court will extend the page limitation and/or the filing deadline.  In that situation, the parties should meet-and-confer and send a joint email to chambers proposing a new page limitation and/or filing deadline, and the court then will enter a

1

following 2 questions:

    **1.**    Can Plaintiff's motion to amend demonstrate the "good cause" required under Federal Rule of Civil Procedure 16(b)(4)?

    **2.**    Practically speaking, how would the court's resolution of Plaintiff's motion to amend impact this case moving forward?

## DISCUSSION

*Good cause?*  Defendant's opposition brief is correct.  Doc. 15.  Plaintiff filed her motion to amend and the proposed amended complaint after the deadline for Plaintiff to amend the pleadings.  Doc. 11 (Scheduling Order).  Generally, under Federal Rule of Civil Procedure 15, the court should freely give leave to amend when justice so requires.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, when a motion to amend the pleadings is "filed after the scheduling order's deadline," the moving party "***must*** first demonstrate good cause under Rule 16(b)," before the court "will consider whether amendment is proper under Rule 15(a)."  *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (emphasis added).

Plaintiff's moving brief does not address the "good cause" standard.  And (as noted above), Plaintiff did not file a reply brief.

Defendant's opposition brief argues that Plaintiff should not be allowed to amend her complaint because she has not satisfied the "good cause" threshold.  Doc. 15.

*How would resolution of the motion impact this case?*  The second question is practical. Defendant appears to concede that the proposed amendment would not result in any prejudice. Doc. 15 at 2.  According to Defendant's opposition brief, "the alleged amended and additional facts have already been disclosed in interrogatory responses provided by the Plaintiff."  *Id.*  And

---

separate order.

Plaintiff's proposed amended complaint does not change the claims alleged or the relief requested, only the supporting factual allegations (based on the facts disclosed in her interrogatory responses). In this respect, the parties appear to agree that those facts now are in the case, and are fair game for consideration at summary judgment and/or trial.

So, practically speaking, how would the court's resolution of the motion to amend impact the case moving forward? The court does wonder whether the motion could be granted or withdrawn just by consent/stipulation. That said, there may be more to the story than the court currently sees in the papers, and the parties certainly are not obligated to resolve this motion by agreement.

## CONCLUSION

For these reasons, the court orders supplemental briefing from the parties. After the court receives that supplemental briefing, the court promptly will set this matter for a hearing. In the meantime, the parties are reminded that discovery in this action **REMAINS** open.

**DONE** and **ORDERED** this October 1, 2021.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE