# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MELINDA WRIGHT,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| | * | **1:21-CV-00447-SGC** |
| **v.** | * | |
| | * | |
| **LEGACY CABINETS, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

## DECLARATION OF RICARDO GELPI

I, RICARDO GELPI, declare that the following is true and correct:

1. My name is Ricardo Gelpi. I am over the age of nineteen years and have personal knowledge with respect to all matters set forth herein.

2. I was hired to work at Legacy Cabinets, LLC (Legacy) in April 2011, and moved to the Human Resources department in 2013. I resigned from Legacy in 2019 to pursue other professional opportunities.

3. As part of my duties in Human Resources at Legacy, I processed the hiring and termination of employees and temporary employees who were provided by temp agencies, and I maintained their personnel files. Our regular practice was to hand-write employee status updates on the cover of the employees' personnel files to note changes in employment status and other important actions such as job changes and disciplinary actions. The cover of Melinda Wright's personnel file included such handwritten notes.

4. I processed Melinda Wright's termination of employment in November 2018 after she was absent without calling the office on two consecutive days from work, which was Legacy's attendance policy. I understood that Ms. Wright had not called in to report her absence because the call log did not reflect a call from her on Thursday, November 15, 2018 or on her next shift on

Monday, November 19, 2018. Consistent with the policy, I treated her termination as a resignation. On the afternoon of Monday, November 19, 2018, Ms. Wright came to my office with a medical excuse for her prior absence, which also reflected that she was unable to work. However, her note did not change my employment action because I had already intended to process her termination as a resignation due to her violation of the attendance policy. I wrote a note for Ms. Wright's personnel file reflecting my conversation with her on November 19, 2018.

5. I did not terminate Ms. Wright's employment because of her pregnancy or because of complications associated with her pregnancy. I do not recall knowing that she was pregnant before she met with me on the afternoon of Monday, November 19, 2018. I processed her termination as a resignation in the same manner as I did with other employees who were "no call, no show" for two days. Even if she had not violated the attendance policy, which she had, she was unable to return to work at that time and was ineligible for FMLA leave.

6. I told Ms. Wright at our November 19, 2018 meeting that she could re-apply to work at Legacy once she was able to work again, but to my knowledge she never did that.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2022.

/s/ RICARDO GELPI