FILED
2022 Apr-04  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MELINDA WRIGHT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **1:21-cv-00447-NAD** |
| **LEGACY CABINETS,** ) | |
| ) | |
| Defendant. ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Legacy Cabinets, LLC ("Legacy") submits this reply brief in support of its Motion for Summary Judgment (Docs. 22-24, 26), as follows:

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.   Wright Does Not Dispute Key Facts Establishing Why Summary Judgment is Appropriate. ...................................................................................................................... 1

    II.  Wright Failed to Produce Substantial Evidence That She Did Not Violate the Attendance Policy. ............................................................................................................................ 2

    III. Wright Failed to Produce Substantial Evidence of Pretext Based on Legacy's Records from Wright's Termination. ............................................................................................. 3

    IV. Wright's Subjective Interpretation of Legacy's Policies and Practices Fails to Create a Genuine Issue of Fact. ..................................................................................................... 5

    V.  Wright Lacks Substantial Evidence of Pretext or Discrimination. ................................... 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Alkhatib v. Steadman*,
  No. 10-342-KD-C, 2011 WL 5553775 (S.D. Ala. Nov. 15, 2011) ............................................ 9

*Bell v. Crowne Mgmt., LLC*,
  844 F. Supp. 2d 1222 (S.D. Ala. 2012) ................................................................................... 8

*Bryant v. Jones*,
  575 F.3d 1281 (11th Cir. 2009) ............................................................................................... 3

*Burke-Fowler v. Orange County, Fla.*,
  390 F. Supp. 2d 1208 (M.D. Fla. 2005) ............................................................................... 6, 7

*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006) ................................................................................................................... 6

*East v. Clayton Cnty., Ga.*,
  436 F. App'x 904 (11th Cir. 2011) .......................................................................................... 8

*Edwards v. Chime Solutions, Inc.*,
  No. 1:19-cv-4259-LMM-JKL, 2021 WL 2581597 (N.D. Ga. Feb. 5, 2021) ............................ 9

*Foster v. Mid State Land & Timber Co.*,
  No. 2:06cv405-ID, 2007 WL 3287345 (M.D. Ala. Nov. 5, 2007) ........................................ 6, 7

*Kilgore v. Trussville Dev., LLC*,
  646 F. App'x 765 (11th Cir. 2016) .......................................................................................... 3

*Lewis v. City of Union City, Ga.*,
  918 F.3d 1213 (11th Cir. 2019) ............................................................................................... 7

*Nix v. WLCY Radio/Rahall Commc'ns*,
  738 F.2d 1181 (11th Cir. 1984) ............................................................................................... 7

*Smith v. Papp Clinic, P.A.*,
  808 F.2d 1449 (11th Cir. 1987) ............................................................................................... 3

*Standard v. A.B.E.L. Servs., Inc.*,
  161 F.3d 1318 (11th Cir. 1998) ............................................................................................... 6

*Tidwell v. Carter Prods.*,
  135 F.3d 1422 (11th Cir. 1998) ............................................................................................... 5

*Tiff v. Hubbell Power Sys., Inc.*,
  No. 2:12-cv-1684-KOB, 2013 WL 4045379 (N.D. Ala. Aug. 7, 2013) ................................... 8

*Todd v. Fayette County Sch. Dist.*,
   998 F.3d 1203 (11th Cir. 2021) .............................................................................................. 8

*Wood v. Green*,
   323 F.3d 1309 (11th Cir. 2003) .............................................................................................. 5

**INTRODUCTION**

Wright fails to present substantial evidence to create an issue of material fact precluding summary judgment. She does not dispute most of Legacy's statement of facts, including her acknowledgment of the attendance policy and the circumstances of her termination. She provided no direct evidence of pregnancy discrimination or retaliation and her efforts to demonstrate pretext fail to attack the reasons for her termination "head on." Her personal interpretation of Legacy's attendance policy fails to create an inference of discrimination. And ultimately, she has provided no other circumstantial evidence of discriminatory intent. Therefore, summary judgment is appropriate in this case.[1]

**ARGUMENT**

**I.      Wright Does Not Dispute Key Facts Establishing Why Summary Judgment is Appropriate.**

Wright does not dispute her employment history, Legacy's company information, or her job functions at the plant, or that she received prior written disciplinary actions. (Doc. 26, pp.7-8.) She does not dispute her understanding and acknowledgment of Legacy's attendance policies, which state that attendance is "[v]ery important" and that a consecutive absence of two days without personally contacting the human resources department will be considered a voluntary resignation and result in the employee's automatic termination. (*Id*., pp.8-9.) She does not dispute that Legacy maintained a log of employees who called to report absences. (*Id*., p.10.) And she does not dispute that she was absent the entire workweek prior to her termination, and that the call log records only reflect her calling in three of those days, November 12, 13, and 14, without any record or her calling in on Thursday, November 15 or Monday, November 19. (*Id*. pp.10-11.)   As

---

[1] At the very least, the Court should dismiss Wright's Title VII retaliation claim (Count Three) as she states she has voluntarily dismissed it (Doc. 27, p.2) and failed to produce substantial evidence to overcome summary judgment as to that claim.

1

discussed below, her only response to that evidence is her testimony that "I would have called in on the 14th or the 15th" (Doc. 24-1, p.43 (164:10-17)), and indeed, she called in on the 14th but not the 15th. (Doc. 23-3, pp.2-3.)

Wright also does not dispute Ricardo Gelpi's testimony that he processed Wright's termination on November 19, treating it as an automatic resignation because she was absent without calling in on two consecutive shifts, or that this was a common practice. (*Id*.; Doc. 26, p.12.) Instead, she ignores this testimony and attempts (but is unable) to show an inconsistency between Legacy's stated reason for the termination and the employment records. Yet Wright also does not dispute that this reason for her termination as set forth in Gelpi's testimony was also noted on the cover of her personnel file as "11-20-2018 Term due to attendance." (Doc. 26, p.11.) And she does not dispute that she did not re-apply to work because she was not released to work without any restrictions through the duration of her pregnancy. (*Id*. p.12.)

Finally, Wright does not dispute that she does not recall any statements that suggested that she would be subjected to adverse action because of her pregnancy, and that she did not make any complaints about discrimination based on her gender or pregnancy. (*Id*., p.12.) Nor does she dispute Gelpi's declaration statements that she was not terminated because of her pregnancy, but rather treated it as a "no call, no show" for two days. (*Id*., p.13.) Finally, she does not dispute that Legacy's 30(b)(6) witness was not aware of any employees who violated this attendance policy and were not terminated. (*Id*.)

II. **Wright Failed to Produce Substantial Evidence That She Did Not Violate the Attendance Policy.**

Wright seeks to establish pretext by arguing that she did not violate the attendance policy because, contrary to undisputed records and her deposition testimony, she now claims she did call

in on Thursday, November 15 to report her absence.[2] As set forth above, Wright does not dispute the call log records which reflect that she did not call in on November 15. Moreover, she testified that she "d[idn't] know exactly what day [she] called in or didn't," (Doc. 24-1, p.36 (133:10-135:23)), and, at most, she "would have called in on the 14th or the 15th." (Doc. 24-1, p.43 (164:10-17).) Therefore, Wright's argument in her brief that she called in on November 15 is not supported by the evidence. *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) (plaintiff must "present concrete evidence in the form of specific facts which showed that the defendant's proffered reason was mere pretext. Mere conclusory allegations and assertions would not suffice.") (internal quotations, alterations, and citation omitted). Moreover, Wright has no evidence that Gelpi's belief that she failed to call in on two consecutive days was false. *Kilgore v. Trussville Dev., LLC*, 646 F. App'x 765, 775 (11th Cir. 2016) ("An employer does not unlawfully discriminate against an employee 'if the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief.'") (quoting *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987)). Therefore, her testimony that she "would have called in on the 14th or 15th" does not create a genuine issue of fact.

**III.    Wright Failed to Produce Substantial Evidence of Pretext Based on Legacy's Records from Wright's Termination.**

Wright argues that she was not terminated for violating the attendance policy but rather because of her inability to work because of her pregnancy, which she contends was discriminatory. However, the support for this is her contention that the note that Gelpi wrote for her file regarding his meeting with her on November 19 is inconsistent with the reasons Legacy is now providing for

---

[2] Wright does not contend that she called in on the morning of November 19 to report her absence.

3

her termination. However, there is no inconsistency because that note remarks very little on the reasons for her termination:

> Ms. Wright came to my office and brought me her medical excuse and made me aware of her pregnancy issues. She stated that the doctor put her on bed rest due to her being a high risk and wasn't sure when she would be able to return. I explained to Ms. Wright that she wasn't employed with the company long enough to qualify for FMLA. Due to her not knowing when she would be able to return and already missing so many days we couldn't continue working with her, I explained to her that we only work with employees that do not qualify for FMLA about a week or so and that we kept it consistent to be fair. I did tell her that once she was released and ready to work that she could reapply and we could reconsider her. Ms. Wright did not have any questions and left.

(Doc. 23-2, p.43.) Notably the only reference to the reasons for her termination in the note is: "Due to her not knowing when she would be able to return <u>and already missing so many days</u> we couldn't continue working with her," which references her prior absences.

Moreover, the cover of the personnel file, which is used to document an employee's history, states: "11-20-2018 Term due to attendance./Not eligible for FMLA (Notes Enclosed)", which is consistent with Legacy's reasons for her termination:

> 1-24-18 Onin Temp Door 10.50
> 2-23-18 End Assignment Notes enclosed.
> 4-9-18 Onin temp SL 10.50
> 5-2-18 Verbal job perf.
> 5-21-18 Job Change Drawers
> 7-18-18 Written Job perf.
> 8-6-18 Legacy Emp. 12.48
> 11-20-18 Term due to attendance./Not Eligible for FMLA (Notes Enclosed)

(Doc. 23-2, p.40.) And Wright does not dispute Gelpi's testimony that while he discussed with Wright her ineligibility for FMLA, she was already deemed to have automatically resigned because of her absences without notice. (Doc. 23-3, p.3 ("Ms. Wright came to my office with a

4

medical excuse for her prior absence, which also reflected that she was unable to work. However her note did not change my employment action because I had already intended to process her termination as a resignation due to her violation of the attendance policy.")) Therefore, although the topic of additional leave was discussed, and although Wright was unable to work and did not seek reemployment,[3] that was not the reason for her termination, and it was not inconsistent for Legacy's records to reflect both her attendance being the reason for her termination and also the conversation between Gelpi and Wright regarding her eligibility for leave. *See, e.g.*, *Tidwell v. Carter Prods.*, 135 F.3d 1422, 1428 (11th Cir. 1998) ("At most, the jury could find that performance was an additional, but undisclosed, reason for the decision; the existence of a possible additional non-discriminatory basis for [plaintiff]'s termination does not, however, prove pretext.") Therefore, Wright's position that the records are inconsistent with Legacy's stated reasons lacks merit and is not evidence of pretext.

### IV. Wright's Subjective Interpretation of Legacy's Policies and Practices Fails to Create a Genuine Issue of Fact.

Plaintiff contends that she did not violate Legacy's attendance policy, and that she should have been allowed the "week or so" or "week or two" reprieve that was typically provided to employees that did not qualify for FMLA leave. However, both contentions rely on Wright's own

---

[3] As set forth in Legacy's initial brief, even if the reason for Wright's termination of employment was her inability to work due to complications of her pregnancy (which Legacy has never asserted), this was still a nondiscriminatory reason because there was no evidence that employees who were unable to work for other reasons and were not entitled to FMLA were treated better, or that Legacy failed to grant her a reasonable accommodation. Wright was not "qualified" to perform her job due to her inability to work. Wright argues that she was a qualified individual because her absence was short-term, but the ADA only "covers people who can perform the essential functions of their jobs presently or in the immediate future." *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003). In this case, as of the time of her termination, Wright was not sure when she would be able to return, and ultimately could not lift anything over five pounds for the duration of her pregnancy. (Doc. 24-1, p.37 (139:12-19); Doc. 23-2, p.43.)

subjective and incorrect interpretation of Legacy's policies and practices. "[W]here an employer and an employee have different interpretations of a disciplinary rule, there is a rebuttable presumption that the employer did in fact believe its stated interpretation." *Burke-Fowler v. Orange County, Fla.*, 390 F. Supp. 2d 1208, 1214 (M.D. Fla. 2005). "To rebut this presumption, and to raise a genuine issue of material fact for trial, Plaintiff 'must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons that a reasonable fact finder could find all of those reasons unworthy of credence."'" *Id*. at 1214-15 (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998) (internal citation omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Moreover, "[t]he reasonableness of the employer's disciplinary policies is not an issue so long as those policies are not discriminatory." *Burke-Fowler*, 390 F. Supp. 2d at 1214 (citations omitted).

Wright cannot dispute that under Legacy's policy absences of two consecutive days included instances when the workdays were broken up by the weekend, such that two consecutive "shifts" without calling in violated the policy. (Doc. 23-2, p.19 (71:2-13) ("It's consecutive work days.")) Such an application is not inherently inconsistent with the written policy of two consecutive "days," which could mean consecutive days the employee is scheduled to work, and there is no evidence that this interpretation of what Wright repeatedly calls an "ambiguous" policy is applied in a discriminatory manner or is otherwise unreasonable. *Foster v. Mid State Land & Timber Co.*, No. 2:06cv405-ID, 2007 WL 3287345, at *14 (M.D. Ala. Nov. 5, 2007) ("While [plaintiff] states that he does not believe that he violated the dictates of the policy, he has not challenged [the manager]'s assertion that [the employer] interpreted the policy differently. . . . Furthermore, [plaintiff] has not submitted any evidence that [the employer] interpreted or applied

its policy in inconsistent ways . . . . The record is devoid of any evidence that the manner in which [the manager] applied the policy to [plaintiff]'s conduct exemplifies selective enforcement of a work rule in a . . . discriminatory manner.") Nor can she contend that she did not violate the policy because she thought she could just bring a doctor's note on the date of her return rather than call in every day; the requirement of the doctor's note was separate from the call-in policy.[4] "By merely alleging that her understanding of the rule differs from that of [her employer], Plaintiff has failed to present evidence to create a genuine issue of fact as to whether the [employer]'s proffered reason for her termination is pretextual." *Burke-Fowler*, 390 F. Supp. 2d at 1215. "In the end, [plaintiff] merely disagrees with [the manager]'s application of the policy to [her] conduct; however as the Eleventh Circuit has made clear, 'Title VII does not take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules.'" *Foster*, 2007 WL 3287345, at *14 (quoting *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984), *abrogated on other grounds*, *Lewis v. City of Union City, Ga.*, 918 F.3d 1213 (11th Cir. 2019) (en banc)).

Wright also contends that she should have been allowed a short leave but she cannot dispute that her doctor's note took her out of work for at least 13 more days. She does not dispute Gelpi and Legacy's testimony that by the time a leave was discussed, she was already deemed to have resigned because of her violation of the attendance policy.[5] But even so, Wright was told that

---

[4] By this logic, Wright would not have needed to call in on November 13 or 14, but she did call in on those days.

[5] Wright did not respond to the fact that Gelpi did not know that Wright was disabled because of pregnancy complications at the time he decided to process her termination for violating the attendance policy (Doc. 26, p.17), or that any discussions of a leave or other accommodation were after the decision to terminate her employment was already made and therefore could not have been the cause or reason for her termination.

Legacy would work with employees without FMLA for "a week or so," not for the 13 days at a minimum that her doctor said she needed to be excused from work, *in addition to her previous absences*.[6] (Doc. 24-1, p.91 (Ex. 23).)  And her attempt to characterize this as "8 working days" is unavailing, absent other evidence that this practice was applied in a discriminatory manner, or evidence that the reason for her termination was pretextual, such that Gelpi did not have an "honest belief" that Wright's employment should be terminated as an automatic resignation by that point. *East v. Clayton Cnty., Ga.*, 436 F. App'x 904, 912 (11th Cir. 2011) ("if the employer acted on its honestly-held belief that the employee had engaged in misconduct, even if it was mistaken, there is no discrimination") (citation omitted). To sum up, Wright's subjective beliefs alone regarding the justification for her termination do not create an inference of discrimination.

## V.    **Wright Lacks Substantial Evidence of Pretext or Discrimination.**

"Ultimately, [Wright] bears the burden of showing that discrimination was the reason for her dismissal." *Todd v. Fayette County Sch. Dist.*, 998 F.3d 1203, 1216 (11th Cir. 2021). Here, Wright has acknowledged that she does not have any comparator evidence. (Doc. 27, p.7.)  Instead, she seeks consideration under a "convincing mosaic" theory, on the basis of her own interpretation of Legacy's practice of granting a small leave if an employee did not qualify for FMLA. However, "the Eleventh Circuit did not intend to allow the *McDonnell Douglas* elemental prima facie case to be substituted with, and satisfied by, 'any weak, amorphous whiff of discrimination.'" *Tiff v. Hubbell Power Sys., Inc.*, No. 2:12-cv-1684-KOB, 2013 WL 4045379, at *14 (N.D. Ala. Aug. 7, 2013) (quoting *Bell v. Crowne Mgmt., LLC*, 844 F. Supp. 2d 1222, 1233 (S.D. Ala. 2012)).

---

[6] The doctor's note stated she would be absent starting on November 17, 2018 for 13 days. (Doc. 24-1, p.91.) However she had already been absent the entire week before, November 12-15.

In the case cited by Wright, *Edwards v. Chime Solutions, Inc.*, No. 1:19-cv-4259-LMM-JKL, 2021 WL 2581597 (N.D. Ga. Feb. 5, 2021), the court denied summary judgment because of the evidence that the employer did not typically follow its written attendance policy but then enforced it strictly against the plaintiff. The employer had also produced three previously-undisclosed counseling memos shortly after a supervisor learned of the plaintiff's pregnancy. "Between the timing, the dubious consideration of excused absences, and odd refusal to follow the standard protocol in allowing Plaintiff to offer documentation to excuse the . . . absences, a reasonable jury could conclude that . . . [plaintiff's supervisors] simply decided [plaintiff] was more trouble than she was worth." *Id.* at *8.

Here, unlike in *Edwards*, Wright has no evidence that Legacy engaged in selective enforcement against her in its application of the attendance policy. She cannot dispute Legacy's application of the policy against her, however she disagrees with the company's interpretation or application of it. Moreover, there is no other evidence of discrimination here such as suspicious timing; after all, according to Wright, Gelpi and other supervisors knew she was pregnant well before her week of absences at the end of her employment. Absent circumstantial evidence that would allow a jury to infer intentional discrimination, Wright is "more than a few tiles short of a mosaic, let alone a convincing one." *Alkhatib v. Steadman*, No. 10-342-KD-C, 2011 WL 5553775, at *8 (S.D. Ala. Nov. 15, 2011).

## **CONCLUSION**

Defendant respectfully requests that the Court grant the motion for summary judgment and enter final judgment in Legacy's favor.

9

            *s/ Christine Harding Hart*
            MARK T. WAGGONER
            CHRISTINE HARDING HART
            *Attorneys for Defendant*
            *Legacy Cabinets, LLC*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
(205) 324-4400
mwaggoner@handfirm.com

Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
chart@handfirm.com

## CERTIFICATE OF SERVICE

  I do hereby certify that on the 4th day of April, 2022, I electronically filed the foregoing pleading using the CM/ECF system which will serve the same electronically on the following counsel of record:

| | |
|---|---|
| John C. Hubbard | W. Whitney Seals |
| John C. Hubbard, LLC | Cochrun & Seals, LLC |
| Post Office Box 953 | Post Office Box 10448 |
| Birmingham, Alabama 35203 | Birmingham, Alabama 35202-0448 |
| jch@jchubbardlaw.com | whitney@cochrunseals.com |

            *s/ Christine Harding Hart*

10