# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MELINDA WRIGHT,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **V.** | )   1:21-CV-00447-NAD |
| | ) |
| **LEGACY CABINETS, LLC,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Melinda Wright, by and through counsel, hereby Requests that before the commencement of the Voir Dire examination of the jury panel, that counsel for Defendant, and through such counsel any and all defense witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to Plaintiff's case, which no instruction by the Court to the Jury could cure, to-wit:

**Argument**

1. **PLAINTIFF'S CRIMINAL HISTORY**

Plaintiff, in her deposition testified that she was arrested for DUI in Fort Payne, Alabama but that those charges were dismissed; that she was arrested in Georgia for driving on a suspended license; for a noise related nuisance; for drug-related charges though she testified that the drug

related charges were dismissed; and for one bad check.

"The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal **conviction**: ... for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence ... must be admitted, subject to Rule 403, in a civil case ...." Fed. R. Evid. 609(a)(1) (emphasis added). While Plaintiff testified about arrests, there is no evidence that she was convicted of any of the crimes listed. Even if she were convicted, none of the convictions would appear to be for felony charges as would be required to admit that evidence under Rule 609(a)(1).

In documents produced pursuant to a subpoena issued by Defendant to Sunrise Community, Inc., one of Plaintiff's former employers, there was a criminal background history produced at Sunrise 0017 and 0018. That history indicates that Plaintiff pled guilty to misdemeanor disorderly conduct in 2014 and driving without a license in 2016. Neither of these convictions involved a felony or involved crimes of dishonesty such that they would be admissible in the trial of this case.

Without evidence of a felony conviction, none of the arrests or other criminal history that Plaintiff testified about are admissible. Further, the prejudicial effect of offering evidence of this arrest and criminal history would far outweigh any probative value.

2. **ATTORNEYS' MOTIVES**

Defendants in fee shifting cases, such as this case, sometimes claim or argue that the recovery of a plaintiff's attorneys' fees is the "engine running this suit." That claim is contrary to the intent of the Pregnancy Discrimination Act, the ADA, etc. at issue in this case. "Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such

cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated. *Student Pub. Interest Research Grp. of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

Furthermore, attorney's fees are irrelevant to any determination to be made by the jury because it is the Court's role in assessing that amount only after a successful action. "[O]ur 'starting point in setting any attorney's fee is determining the "lodestar"' figure—that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community.'" *Young v. International Paper Co.*, Civil Action No. 10-179- CG-M, 2012 U.S. Dist. LEXIS 2232, 2012 WL 37647, at *4 (S.D. Ala. Jan. 6, 2012) (citing *Hensley*, 461 U.S. at 433; *Norman v. Housing Auth. of the City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988)).

Plaintiff moves the Court for an Order that Defendant, its witnesses, and attorneys shall not mention within the hearing of the jury or make arguments to the jury regarding the availability of or speculation of the amount of any award of attorney's fees to Plaintiff should she succeed in this litigation.

3. **SPONTANEOUS ABORTION/ABORTION**

During the Plaintiff's deposition, she was asked as follows:

    **Q:**    Uh-huh.  How many miscarriages have you had?

    **A:**    Five.

    **Q**:    Have you had abortions?

    **A:**    No, sir.  A miscarriage is called a spontaneous abortion, though.

    **Q:**    Right.  And that's how they refer to that in your medical records?

    **A:**    Yes.

**Q:** So is that what a spontaneous abortion is, a miscarriage?

Plaintiff has experienced five miscarriages. While the term used medically in her records is "spontaneous abortions," Plaintiff would request that any reference to these medical events by defendant's counsel or witnesses be simply "miscarriage" or "miscarriages" rather than "spontaneous abortions" or "abortions." It is no secret that elective abortions, referred to simply as "abortions" are a polarizing and "hot button" issue for many citizens, likely including some that may sit as jurors in this case. As such, references to "abortions" spontaneous or otherwise, serve no purpose other than potentially inflame jurors and distract from the issues to be decided in this case.

Such references would be irrelevant, and any probative value would be outweighed by the risk of unfair prejudice, confusion of the issues or the risk unfairly misleading the jury. Fed. R. Evid. 403, 404, 608, 802. *McKee v. Erikson*, 37 Conn. App. 146, 152–153, 654 A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system); *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67(2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same). The claims in this case involve pregnancy discrimination. The Plaintiff, after she was terminated by Defendant, gave birth to a healthy baby girl. Abortion is not an issue in this case and should not become an issue in this case.

4. **CERTAIN OTHER IRRELEVANT EVIDENCE**

    a. **The fact that Plaintiff became pregnant out of wedlock.**

    Plaintiff was not married to the father of the child she was pregnant with when she was fired by Defendant. Her marital status or relationship status with the father of her child is irrelevant.

      b.  **That she had been pregnant and miscarried five times with three different fathers.**

Plaintiff testified that of her five miscarriages, only one was with a man she was married to.  The others were with men she was not married to.  Her marital status or relationship status when she became pregnant previously and miscarried are irrelevant.

      c.  **That she attempted suicide**.

Plaintiff testified that she attempted suicide when she was fourteen years old by taking "a lot of pills."  Plaintiff's suicide attempt as a teenager is not relevant to any claim or defense in this case.

      d.  **That Plaintiff has had sexually transmitted diseases**.

Plaintiff testified that she had a history of sexually transmitted diseases and that she found out she had an STD when she learned she was pregnant.  She further testified that she had an STD when she was 18 or 19 years old.  Plaintiff's history of having STDs is not relevant to any claim or defense in this case.

Federal Rule of Evidence 401 states:

Evidence is relevant if:
(**a**) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(**b**) the fact is of consequence in determining the action.

None of the evidence listed above has any tendency to make a fact more or less probable that it would be without the evidence and none of the evidence listed above is of any consequence in determining the action. Rather, the risk of undue prejudice if evidence regarding Plaintiff's being pregnant out of wedlock, having been pregnant with three different men, her suicide attempt at 14 and her history of sexually transmitted diseases far outweighs any probative value

of that evidence. This case is about Plaintiff's claims of pregnancy discrimination. None of the evidence cited above has any relevance to any claim or defense that will be before the jury. Rather it is extremely prejudicial evidence that will only distract the jury from the actual issues to be determined.

5.  **WHEN DID THE PLAINTIFF HIRE A LAWYER?**

Argument, inference, suggestion, or implication that the plaintiff hired a lawyer "quickly" or "late" or at any point is inadmissible, because it is irrelevant, immaterial, and a source of confusion to the jury. Is it better to hire a lawyer to protect one's rights 3 days after a wrong is committed? Or 19 days? If a plaintiff waits 375 days, does it mean that the plaintiff did not believe that a wrong was really done or that no harm was inflicted?

This case needs to try on the pleadings and when somebody hired a lawyer has no bearing on the issues framed by the pleadings.

## Conclusion

Therefore, to avoid improperly prejudicial and inflammatory references, and to restrict the case to the issue at hand (whether defendant discriminated against Plaintiff on the basis of her being pregnant), Plaintiff's motion in limine should be granted as to the foregoing topics.

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

OF COUNSEL:
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121

CERTIFICATE OF SERVICE

      I hereby certify on this the 17th day of April 2023, the foregoing was filed using the Court's CM/ECF filing system which will serve said filing upon the following:

Mark T. Waggoner, Esq.
Christine Harding Hart, Esq.
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203

      and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

NONE.

      /s/ John C. Hubbard